UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

THE WILLIAM M. YARBROUGH
FOUNDATION and
ZANFEL LABORATORIES, INC.,

    Plaintiffs,

-vs-

RITE AID CORPORATION,
CADE LABORATORIES, LLC., and
CADEY O'LEARY,

    Defendants.
    _____/

Case No. 06-0348
Hon. AVERN COHN

## ORDER ON PENDING MOTIONS

    This is a patent case. The background of the case is described in the Decision On Claim Construction filed July 24, 2007. On January 7, 2008, the Court held a hearing on pending motions. This Order memorializes the rulings made at the hearing and elaborates on the rulings.

    1.    The motion styled "Defendants' Motion For Summary Judgment #1 on Invalidity of the '963 Patent based on Anticipation under 35 U.S.C. § 102" is DENIED. Anticipation is a question of fact. Defendants have failed to show an absence of a genuine issue of material fact regarding whether the labeling of Mean Green implicates each of the elements of Claim 1 of the '963 patent, particularly with regard to the element "applying the composition to an affected area."

    2.    The motion styled "Defendants' Motion For Summary Judgment #2 on

Inequitable Conduct" is DENIED.  Given the complexity of defendants' argument the issue is better resolved by trial.  This issue will be separately tried to the Court.  The Court will hold a final pretrial conference in Detroit on **Monday, February 11, 2008 at 10:00 a.m.**, at which the parties shall file witness and exhibit lists, together with a bench book of the listed exhibits.  Defendants shall also file proposed findings of fact and conclusions of law on the issue.  See Fed. R. Civ. P. 52.

3. The motion styled "Defendants' Motion For Summary Judgment # 3 on Invalidity of Claim 8 of the '963 Patent Based on the On-Sale Bar under 35 U.S.C. §102" has been withdrawn by stipulation of the parties.

4. The motion styled "Defendants' Motion For Summary Judgment # 4 on Invalidity based upon 35 U.S.C. §102(b) Public Use" is DENIED.  Given the complexity of the time line of events relating to the application and issuance of the '963 patent juxtaposed against the time line of events relating to the activities of Dr. Sidler regarding the composition of the '963 patent, the issue is better resolved at trial.  Plaintiff shall promptly advise the Court of whether the issue shall be tried to the Court or to a jury.  If the former, the issue will be tried together with the issue of inequitable conduct.  If the latter, the issue will be tried with the issues of anticipation and obviousness.

5. The motion styled "Defendants' Motion For Summary Judgment # 5 on Invalidity of the '963 Patent based on Obviousness" is DENIED.  Obviousness is a question of fact.  "Unsubstantiated attorney argument regarding the meaning of technical evidence is no substitute for competent substantive expert testimony.  It does not, and cannot, support [defendants'] burden on summary judgment."  Invitrogen Corp.

<u>v. Clontech Labs, Inc.</u>, 429 F.3d 1052, 1068 (Fed. Cir. 2005).

6.      The motion styled "Plaintiffs' Motion and Memorandum of Law for Summary Judgment on Infringement of U.S. Pat. No. 7,008,963" continues.  It appears that infringement will not be an issue.

7.      The motion styled "Plaintiffs' Cross-Motion for Summary Judgment # 7 of Validity based upon Anticipation and Inherent Anticipation" requires a response.  The Court will schedule a hearing on the motion once it is fully briefed.

SO ORDERED.

                         s/Avern Cohn
                         AVERN COHN
                         UNITED STATES DISTRICT JUDGE

Dated:  January 15, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 15, 2008, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5160